UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - -x

In re:                                         :

SANDRA L. LAMBERT                              :     BK No. 07-12703
        Debtor                                       Chapter 13

- - - - - - - - - - - - - - - - - -x

## ORDER TO SHOW CAUSE

On March 27, 2009 at 2:02 p.m., the Debtor's husband, George Sherlock, Jr. ("Sherlock") filed a pro se Emergency Motion to Vacate this Court's January 8, 2009, Order and Judgment (Docket No. 53 and 54) granting Deutsche Bank's Motion for Relief from the Co-Debtor Stay. In his Emergency Motion, Sherlock represented that a foreclosure sale was scheduled on March 31, 2009, and alleged, among other things, that: "[t]he Creditor, Deutsche Bank Trust Company, filed a Motion for Relief from Stay, in bad faith," that "[t]he Creditor and mortgagee obtained authority to foreclose on our house without proper notice to the Debtor's husband," that "[t]he Debtor's husband has been denied his day in Court and his rights of due process," and that "[i]n reviewing the Court's file, it is clear that I was not provided Notice of even the Order and Judgment I want vacated."

Given our inability to contact Sherlock, and because of the extremely time sensitive nature of this proceeding, the Court conducted an expedited, sua sponte, examination of the record in the case, and concluded as follows: contrary to Sherlock's unverified allegations, the record indicates that Sherlock was in

BK No. 07-12703

fact served with: (1) the Motion for Relief from the Co-Debtor Stay; (2) the Notice of Continued Hearing dated December 4, 2008; and (3) the Order and Judgment granting Relief from Stay. Moreover, Sherlock's wife, the Debtor in this case, listed her husband as "Witness/Co-Debtor" in her Objection to Motion for Relief from Stay filed on October 17, 2008 (Docket No. 31). At the time(s) relevant to these proceedings, Sherlock and the Debtor were living together.

In light of the allegations of misconduct and bad faith contained in Sherlock's Motion, the Court took immediate steps to notify Sherlock of its intent to hold a telephonic emergency hearing on his Emergency Motion. Notwithstanding the Clerk's Office diligent efforts to contact Sherlock, they were unsuccessful. Because Sherlock was not available for hearing, and for testimony if necessary, and based on the facial insufficiency of his pleading, Sherlock's emergency motion was denied.

In addition, in light of the bad faith questions raised in the pleading filed by Sherlock, and the specific allegations contained therein, he is **ORDERED TO SHOW CAUSE**, **in writing and under oath**, on or before 12:00 noon on Wednesday, April 8, 2009, why he should not be sanctioned for violation of Federal Rule of Bankruptcy Procedure 9011(b). Sherlock is also **ORDERED TO APPEAR**, **in person**, on Thursday, April 9, 2009, at 10:00 a.m., to testify before this

BK No. 07-12703

Court regarding his sworn response to our Order to Show Cause, as ordered above.

Entered as an Order of this Court.

Dated at Providence, Rhode Island, this 2nd day of April, 2009.

Arthur N. Votolato
U.S. Bankruptcy Judge

Entered on docket: 4/2/2009